(25 Misc. Rep. 240.)

### In re RABY.

(Supreme Court, Special Term, New York County. November, 1898.)

1. ATTORNEY'S FEES—AMOUNT.

An attorney's charge of $975 for services in enjoining a third person from surrendering an excise license of his client, and converting the unearned balance of $600, the suit being a friendly one as regards the excise commissioner, and it being possible to procure a new license, is excessive.

2. SAME.

A bill of fees for attorney's services, composed of the items: Preparation of papers to enjoin another from collecting rents, $250; procuring the signing of a temporary injunction and preparing an answer, $100; searching for a certain person, $50; preparation of brief in injunction suit, $100; trial of two cases which occupied nearly a whole day, $100; waiting in court for a case one day, $100; attending the grand jury and procuring the indictment of a person, $100; 30 consultations with reference to the matters in which said charges have been made, $450,—will, in the absence of outside evidence of the fairness of such charges, be considered excessive.

Application by Mary Raby for an order requiring her attorney to pay over moneys. Heard on motion to confirm the report of a referee. Denied.

Abram Kling, for the motion.

T. J. McManus and Gruber & Bonynge, opposed.

DALY, J.    The referee has, in effect, found upon conflicting testi-mony that the moneys received by the attorney for his client, $3,692.73, and which he receipted for as on deposit in the Farmers' Loan & Trust Company, was not to be held by him as a deposit, but was to be applied to his fees and expenses in litigations in which he subsequently en-gaged, at her request or in her interest.    With this finding of fact there might be slight ground for interfering, but a most serious ques-tion is presented by the proofs, and that is whether the attorney has not overpaid himself for the services rendered.    The matter, briefly stated, stands in this way:    In addition to the sum above mentioned, the attorney received from his client $1,000, making altogether $4,692.73, which he claims has not only been absorbed by legal serv-ices, extending over a period of some 13 months, but that she is left in debt to him to the extent of $1,251.44 more, for which he now asks an affirmative judgment against her:    The legal services in question embraced two distinct litigations,—one to frustrate an attempt to con-vert a license on her place in Cherry street, and the other to set aside alleged fraudulent dispositions of her real estate by her husband, to whom the nominal title had been conveyed.    In these litigations there was absorbed for legal services, as attorney and counsel, about $3,467 of the moneys in hand, the difference between that sum and the $4,692.73 being laid out in disbursements and payments on account of the client.    As to the litigation over the excise license, it appears that the license for the petitioner's property was taken in the name of one Strom, who attempted to surrender it, and obtain from the commis-sioner of excise the unearned balance of the license fee, being about $600.    To prevent this, the attorney instituted an action to enjoin Strom and the commissioner of excise; the action, as regarded the latter, being of a friendly character.    Papers for an injunction were prepared, and the order obtained, and the injunction made permanent upon motion.    For those services, and the consultations connected therewith, a charge of $975 is made.    Whether we regard the not very difficult character of the proceeding, or the amount involved, the charge seems to be excessive.    It is said that the amount involved was really the threatened loss of business if the license were withdrawn, and that such loss would be very heavy; but a new license could have been applied for, and that loss avoided.    Some estimate of the scale of charges in this suit may be gathered from one item of the many go-ing to make up the aggregate of $975 in the bill of the attorney:

"August 31.  To preparation of affidavit of summons, complaint, undertak-ing, injunction, order restraining commissioner of excise from cashing license, attendance at office of excise commissioner on August 29th and 31st, service of copy of foregoing papers upon Commissioner Hilliard, after attendance at special term, part 1, of the supreme court, where undertaking on injunction was approved, copy certified, etc., $500."

Comment upon this item seems to be unnecessary.    The litigations growing out of the acts of petitioner's husband in attempting to make away with her real estate, while necessarily involving one or more

suits in equity against alleged fraudulent transferees, and also resistance to the latter's summary proceedings to remove tenants, required vigilance and activity, but were not, however, out of the common and familiar experience of the general practitioner, and need not have been made very expensive to the client. For these litigations nearly $2,400 was absorbed, and $1,251 in addition is still claimed. This charge embraces $450 for about 30 consultations with the client and others during the pendency of the proceedings; and an idea of the liberal scale in which compensation is claimed may be obtained from other items of the bill rendered, namely:

"October 3. Preparation of injunction papers restraining Aaron Mendelson et al. from interfering with yourself in the collection of rents, and restraining further continuance of proceedings in Second district court, $250.

"October 5. To calling at the houses of five different judges in order to have injunction order signed, and procuring signature thereto; attendance at Second district court, re Mendelson suit, and preparing answer and filing same; attendance in the afternoon of same day, Second district court; attendance in special term, supreme court, part 1; filing note of issue in injunction suit.— $100.

"October 7. Attendance at 218 East Seventy-Third street with yourself and Nielson, and from there, with Nielson, devoted balance of the afternoon to searching for Solomon Willinsky on both sides of the Bowery, and for a considerable distance to the east thereof, $50.

"November 5. Preparation of brief on injunction, and final dismissal of Mendelson dispossess suit, $100.

"November 30. To trials Havel and Doe cases and suit Mendelson, occupying most of the day, $100.

"December 4. Attendance at Second district court from 10 a. m. to 5 p. m., with witnesses re Camalick case, adjourned on the landlord's plea of religious privilege, $100.

"December 18, 19. Attendance at grand jury, and preparation of statement for examination by latter, and attendance and testifying for same, re Willinsky, $100.

"December 29. Preparation of summons, complaint, affidavit, and injunction for the purpose of having you restored to possession of Cherry street property in Second district court dispossess; attendance at your house in reference to same; attendance at police station, then at the district attorney's office, where I had Willinsky held under indictment found by the grand jury; long conference with yourself, and attendance with you at your place, resulting in your again acquiring possession of your house,—$250."

No evidence of the fairness of these charges was produced on the part of the attorney, except what is to be found in his own enumeration of services, and his opinion that the charges were fair. While I feel that a proper compensation for legal services should be allowed, I cannot but deem the scale of charges in the bill rendered as too high, and, as a consequence, I cannot confirm the report. The referee appears not to have been able to estimate the value of the services at the rate charged, for, while he reports that nothing remains due from the attorney to the client, he states that he is not able, from the evidence before him, to say accurately what amount of money is due from the client to the attorney. This finding leaves it uncertain what the referee thought questionable in the rates charged. In my opinion, the report should be sent back to the referee, in order that the parties may produce legal experts on the question of the value and the necessity of the services rendered, for without such testimony it would be

difficult to make any satisfactory disposition of this motion.    Order may be settled upon two days' notice.

Ordered accordingly.